## State *v.* McMinnville.

### (*Nashville.* January 5, 1901.)

1. CONSTITUTIONAL LAW. *Title and subject of statutes.*

   A statute with one general subject may embrace subdivisions, provisos, and exceptions pertinent to that subject to any extent that they can be grouped without incongruity. (*Post,* p. *389.*)

   Act construed: Acts 1899, Ch. —.

   Constitution construed: Art. II., Sec. 17.

   Cases cited: State *v.* Brewing Co., 104 Tenn., 716, 717; State *v.* Brown, 103 Tenn., 455; State *v.* Yardley, 95 Tenn., 546; Cannon *v.* Mathes, 8 Heis., 519; Garvin *v.* State, 13 Lea, 166.

2. SAME. *Statute embraces a single subject, when.*

   A statute whose general subject is the release of municipal corporations from liability to the State for certain taxes on litigation, that should have been, but were not, collected in their police courts, is not amenable to constitutional objection, as embracing more than one subject, because of its provisions that all pending actions for such taxes should be dismissed and that no new actions should be brought for same. The mandate to dismiss pending actions, and the prohibition against bringing new ones, are but parts of the same general subject. (*Post, pp. 385–389.*)

3. SAME. *Body of statute covered by its title, when.*

   A statute is not amenable to constitutional objection, as embracing a subject or matter in its body that is not expressed in its title, which, under a title providing for a limitation upon the bringing of suits against municipal corporations for certain taxes, and the dismissal of pending suits for same, enacts that no action shall be brought for such taxes that accrued prior to a specified date, and that all pending suits

State *v.* McMinnville.

therefor, and suits brought thereafter, in violation of the Act, should be dismissed. (*Post, pp. 385–389.*)

FROM WARREN.

Appeal from Chancery Court of Warren County. WALTER S. BEARDEN, Ch.

Attorney-general PICKLE and I. W. SMITH for State.

LIND & HOODENPYLE for McMinnville.

WILKES, J. The object and purpose of the bill in this cause is to recover State taxes on litigation, tried before the Courts of the town of McMinnville for offenses committed against the laws of that municipality.

It is averred that in a large number of cases tried before the Courts of that municipal corporation from May, 1881, to July 25, 1895, the officers trying such cases failed to tax up and collect a State tax upon the suits in causes when the defendant was convicted, and when fine and costs were assessed and collected out of which such State tax could and should have been paid.

There was a demurrer to the bill, and the only question presented by the record as it comes

22 P—25

to this Court is the constitutionality of the Act of April 22, 1899, the object and purpose of which was to relieve against and release such taxes.

The Chancellor was of opinion that the Act was constitutional, and inasmuch as such holding had the effect to deprive the State of revenue to which it would have been entitled under a contrary holding, the State appealed.

In the Court of Chancery Appeals the Chancellor's decree was reversed, and the Act was held to be unconstitutional. The title of the Act is as follows:

"An Act to limit the time in which suits may be brought against any municipal corporation to recover the State or county privilege tax on litigation in cases tried before a Mayor or Recorder's Court, or any Police Court, of such corporation, and to authorize the dismissal of such suits now pending."

The Act itself is as follows:

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That no suit shall be brought against any municipal corporation to recover the State or county privilege tax on litigation in cases tried before the Mayor's, Recorder's, or any Police Court of such corporation, prior to July 25, 1895, when such privilege tax has not been specifically taxed in the bill of costs, and a sufficient amount of money has not

State *v.* McMinnville.

been paid. to satisfy the fine and costs other than the privilege tax in such cases.

"Sec. 2. *Be it further enacted,* That it shall be the duty of any Court in which such suit is pending, when this statute is pleaded, and where the truth of the plea is made to appear to the satisfaction of the Court, to dismiss the cause, and this Act shall apply to any suit now pending, or hereafter to be brought; and that this Act shall take effect from and after its passage, the public welfare requiring it."

The Court of Chancery Appeals held, in substance:

That two subjects are stated in the caption or title, one being a limitation of time in which suits might be brought, and another the dismissal of suits then pending; that passing from the title to the body of the Act, Section 1 presents a third subject, to wit, a prohibition against bringing any new suit for such taxes; that in Section 2 the same duplex nature of subjects appears, to wit, the dismissal of suits then pending and the dismissal of suits thereafter to be brought.

The Court of Chancery Appeals was also of opinion the term "such suit," used in Section 2 of the Act, is ambiguous, and may refer to either of the classes of suits theretofore mentioned in the title and in Section 1 of the Act.

It is further said by that Court that the cases

specified in the sections of the Act cannot be treated as subheads or subclasses covered by the general language of the title or caption.

We are of opinion the Court of Chancery Appeals is in error in its view of the Act, and that the Chancellor was correct.

We think that the title and body of the Act embraces only one general subject, which is expressed in the title, and the details and means by which the purpose is to be effected are left to the provisions of the Act, and that neither the title nor Act embraces distinct and incongruous subjects.

The Act is intended to cover a period of time from 1881 to July 25, 1895, when such litigation tax was in force, and to release and relinquish all claim of the State against such municipalities as had in the designated cases failed to assess and pay over to the State a tax imposed by statute in such cases, through the oversight or omission of the municipal authorities to assess such tax.

In furtherance of this general object the Act provides for the dismissal of suits then pending for such tax, and prohibits the bringing of any other suits for the same purpose. The term "such suits," as used in the Act, refers to any suits pending or to be brought for the general purpose indicated—to wit, the collection of such tax.

It is perhaps true that the Act, both in its

title and body, might be framed more plainly, and the harmony between the two made more apparent, but the obvious purpose of the Act is that after its passage all suits of the character and for the purpose mentioned should be discontinued and dismissed, and no others should be instituted for the same purpose.

These provisions are not inconsistent. A statute with one general subject may embrace subdivisions, provisos, and exceptions pertinent to that subject, and so many of them as may be grouped without incongruity. *State* v. *Schlitz Brewing Co.,* 20 Pick., 720; *State* v. *Brown,* 19 Pick., 455; Story's Cons. Lim., side page 144; *State* v. *Yardly,* 11 Pick., 546; *Cannon* v. *Mathes,* 8 Heis., 519; *Garvin* v. *State,* 13 Lea, 166.

We think the case falls within the rule laid down in *State* v. *Yardly,* 11 Pick., 546, and *State* v. *Brewing Co.,* 20 Pick., 720, and that the reasoning and holding in those causes is applicable and controlling in this.

The decree of the Court of Chancery Appeals is reversed, and the bill dismissed.